No. 4054

Second Circuit

———

GILES ET AL. v. POST

———

(July 14, 1931. Opinion and Decree.)

———

Gilbert P. Bullis, of Vidalia, attorney for plaintiffs, appellants.

Snyder & Sevier, of Tallulah, and Young & Watson, of St. Joseph, attorneys for defendant, appellee.

WEBB, J. Plaintiffs, W. W. Giles and Mrs. Ethel Giles, husband and wife, brought this action to recover damages alleged to have been sustained by them as the result of a collision between an automobile owned by the husband, which was being driven by his wife, and a truck owned by defendant, John C. Post, being driven by an employee of defendant; and plaintiffs appeal from a judgment rejecting their demands.

The accident occurred in the daytime on a highway which runs approximately north and south, at a place where the road is straight, and the automobile, which was moving south, collided with the rear end of the truck which had been backed onto the roadway from the private roadway located on the east side of the highway; and plaintiff alleged that the driver of the truck had moved it onto the roadway in such manner as to block the passage of the automobile and so near thereto that Mrs. Giles could not avoid the collision, either by passing around the truck or stopping the automobile.

On trial the evidence adduced on behalf of plaintiffs tended to show that the truck had been backed over the center of the highway, blocking the passage of the automobile, and that the truck was moving backward in that position, when the collision occurred; while the evidence adduced on behalf of defendant tended to show

that the driver of the truck in backing it had kept the truck on the east side of the roadway, backing it a distance of about fifteen feet, where the truck was stopped in a position parallel with and on the east side of the highway, from which position it had moved forward an approximate distance of forty feet when the collision occurred.

The record shows that the witnesses called on behalf of defendant were in a much more advantageous position to determine the manner in which the truck was moved onto the roadway, and the position of the truck at the time of the collision; and we are of the opinion that the preponderance of the evidence shows that the truck was moved onto the highway in the manner and that the position of the truck at the time of the collision was as stated by the witnesses for the defendant, from which it is evident that there was at all times ample space for the automobile to have passed.

Appellants urge, however, that, Mrs. Giles acted in an emergency and should not be held for error of judgment, or in failing to see that there was ample space to pass the truck, or, as we gather, appellants contend that the truck suddenly appeared on the roadway so near to the automobile that Mrs. Giles could not stop the automobile, and that she was warranted in swerving the automobile from its course on the west side of the roadway, in apprehension that the truck which was moving forward on the east or wrong side of the roadway, would be moved into the path of the automobile.

While, as stated, the theory of plaintiffs' case was that the truck had suddenly been driven onto the roadway so near to the automobile that Mrs. Giles could not stop the automobile; and the contention of appellants, as stated above, is in conflict with plaintiff's statement relative to the cause of the collision, as well as the theory on which the case was tried; but passing that and conceding arguendo that the driver of the truck was negligent in moving the truck forward on the wrong side of the roadway, the evidence does not show that such negligence was the proximate cause of the injury.

The evidence established that Mrs. Giles had an unobstructed view of the roadway for a distance of several hundred feet, and that she could have stopped the automobile within a distance of one hundred feet; and that the automobile was at a distance of more than one hundred seventy-four feet from the truck when the latter entered the roadway. We are of the opinion that the facts do not show that the truck came into the highway in such proximity to the automobile, that the driver of the automobile, had she been maintaining a lookout, could not have stopped the automobile before arriving at the place where the automobile entered the roadway; and although it is evident that Mrs. Giles was startled when she observed the truck on the roadway, considering that the speed of the automobile was much greater than the speed of the truck, which had moved an approximate distance of fifty-five feet after entering the highway before the collision occurred, it is evident from Mrs. Giles' statement that she did not observe the truck until it was on the highway for an appreciable time, and that Mrs. Giles was not maintaining a lookout.

The testimony of the witnesses called by the respective parties was exceedingly conflicting, but considering the cause from any point of view, there is ample evidence in the record to support the judgment rejecting plaintiffs' demands, and the judgment is affirmed, at plaintiffs' cost.